U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 2 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MILWAUKEE CASUALTY INS. CO. | CIVIL ACTION NO: 10-01134 |
| VERSUS | DONALD E. WALTER |
| LINCOLN BUILDERS, INC. ET AL. | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a motion filed by one of the Defendants in this matter, Xpert Restoration Services, LLC, ("Xpert Restoration"), to dismiss Plaintiff's claims for lack of diversity jurisdiction. [Doc. #20]. Plaintiff, Milwaukee Casualty Insurance Company ("MCI"), opposes this motion. [Doc. #22].

MCI issued an insurance policy for The Sleep Inn in Ruston, Louisiana, which is owned and operated by SIS of Ruston, LLC. [Doc. #1, ¶8]. The Sleep Inn was constructed in 2007 by Defendant, Lincoln Builders, Inc. [Doc. #1, ¶ 9]. Defendant Fire Pro, Inc., was hired to install a dry pipe fire sprinkler system *Id.* Defendant Legacy Fire Systems, Inc., provided the designs for the fire sprinkler system. [Doc. #1, ¶10]. Defendant Diversifire, Inc., was retained to inspect and test the fire sprinkler system. [Doc. #1, ¶11].

MCI alleges that on January 9, 2010, a hard freeze caused pipes in the fire sprinkler system to burst because the system was improperly installed and inspected. [Doc. #1, ¶21-27]. The broken pipes allowed water to escape from the system, causing damage to the fourth floor of the hotel. After the damage occurred, Xpert Restoration was hired to perform restoration work. [Doc. #1, ¶28].

As insurer of The Sleep Inn, MCI filed suit seeking subrogation from the Defendants of the money it has paid as a result of the loss. [Doc. #1, ¶ 31].

Xpert Restoration moves to dismiss MCI's claims for lack of diversity jurisdiction under 28 U.S.C. § 1332(a). [Doc. #20]. Plaintiff concedes that its claim against Xpert Restoration does not meet the $75,000 minimum threshold to establish diversity jurisdiction. [Doc. #22 at 4]. However, Plaintiff argues that the Court should exercise pendant jurisdiction pursuant to 28 U.S.C. § 1367(a). *Id.*

If a district court has original jurisdiction over at least one claim "it may look to what was traditionally known as 'pendent' or 'ancillary' jurisdiction to access whether it has jurisdiction over any remaining claims over which it would otherwise lack original jurisdiction." *Griffin v. Lee,* ___ F.3d ___, 2010 WL 3704910 (5th Cir. 2010) (citations omitted). These two concepts have been codified into a single statute, referred to as supplemental jurisdiction. 28 U.S.C. § 1367. Section 1367(a) reads as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts <u>shall have supplemental jurisdiction over all other claims that are so related</u> to claims in the action within such original jurisdiction <u>that they form part of the same case or controversy</u> under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(emphasis added). Supplemental claims form part of the same case or controversy as the original claims if they are derived from a common nucleus of operative fact. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 254 n. 8 (5th Cir. 2009). It is a matter of the Court's discretion whether to exercise jurisdiction, not a right of the Plaintiff. *Wicker v. First Financial of Louisiana Savings and Loan Ass'n*, 665 F. Supp. 1210, 1214 (M.D. La. 1987) (citing *United Mine Workers of America v. Gibbs*, 86 S.Ct. 1130 (1966)).

It is the finding of the Court that Plaintiff's claims against Xpert Restoration do not involve the same case or controversy. The claims alleged by Plaintiff involve two distinct fact patterns: (1)

whether negligence in the design, construction, and inspection of the sprinkler system was the cause of the water damage to the hotel, and (2) whether Xpert Restoration damaged property of The Sleep Inn during its restoration. It is not alleged that Xpert Restoration had any involvement whatsoever with The Sleep Inn until sometime after the water damage occurred.

Accordingly, Xpert Restoration's Motion to Dismiss [Doc. #20] is hereby **GRANTED**. Plaintiff's claims against Defendant, Xpert Restoration Services, LLC, are **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED**, this 12 November, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE