RECEIVED

MAR 1 8 2011

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MILWAUKEE CASUALTY INSURANCE COMPANY | 3:10-CV-01134 |
| VERSUS | JUDGE WALTER |
| LINCOLN BUILDERS, INC., ET AL | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss for Lack of Jurisdiction over the Person [Doc. # 45] brought on behalf of Defendant, Legacy Fire Systems, Inc. ("Legacy"). Plaintiff, Milwaukee Casualty Insurance Company ("Milwaukee"), opposes this motion. For the reasons assigned herein, the Motion to Dismiss is **DENIED**.

## BACKGROUND

Legacy is a Texas corporation with a single office in Grandbury, Texas. In July 2006, Fire Pro, Inc. ("Fire Pro") solicited Legacy for a bid to design a sprinkler system that would be installed in a Sleep Inn and Suites to be constructed in Ruston, Louisiana. Based on Legacy's bid, Fire Pro hired Legacy to design the sprinkler system in the Ruston hotel. Legacy completed this task wholly in Texas without sending anyone to the site of the proposed project in Ruston. Upon completion of the design, Legacy delivered it to Fire Pro. Legacy only contracted with Fire Pro, who apparently installed the Legacy design in the Ruston hotel; it had no relationship or communication with the property owner, the general contractor of the hotel, or the company that tested the sprinkler system when it was installed.

On January 9, 2010, part of the sprinkler system at the Sleep Inn and Suites in Ruston, Louisiana, froze, breaking a pipe at an elbow joint. The break caused water to flow onto ceilings in the fourth floor causing damage to the building and its contents. Plaintiff, as subrogee of Sleep Inn, filed suit against the named defendants to recover money it paid to Sleep Inn as a result of the loss from the flooding. In particular, Plaintiff has asserted a claim against Legacy alleging negligence in the design of the sprinkler system. Legacy now contests this Court's personal jurisdiction over it.

## DISCUSSION

When a court decides a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing then a plaintiff must simply make a *prima facie* case of personal jurisdiction. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). In deciding whether a *prima facie* case exits, the court must accept as true the plaintiff's "uncontroverted allegations and resolve in [its] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

"A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Latshaw*, 167 F.3d at 211. Louisiana's long-arm statute extends to the limits permitted by Due Process. La. R.S. 13:3201(B); *Alford Safety Services, Inc. v. Hot-Hed, Inc.*, 2010 WL 3418233, at *4 (E.D.La. Aug. 24, 2010). Consequently, the two inquiries for the exercise of personal jurisdiction "merge into one." *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002). A three-prong test is used to determine whether personal jurisdiction is consistent with the Due Process Clause:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

There are two types of personal jurisdiction: specific and general. Specific jurisdiction exists when the plaintiff's cause of action arises from or is related to the defendant's minimum contacts, whereas general jurisdiction exists when a defendant has engaged in systematic and continuous activities in the forum state. *Helicopteros Nacionaels de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8-9 (1984). Only specific jurisdiction is at issue in this case.

A defendant establishes minimum contacts with a forum state if "the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474 (quoting *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980)). "Even where a defendant has no physical presence in the forum state, a single purposeful contact is sufficient to confer personal jurisdiction if the cause of action arises from the contact." *Nuovo Pignone*, 310 F.3d at 379 (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 222 (1957)). In particular,

> When a nonresident defendant commits a tort within the state, or an act outside the state that causes tortious injury within the state, that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state, including federal courts, to exercise personal adjudicative jurisdiction over the tortfeasor and the causes of actions arising from its offenses or quasi-offenses.

*McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) (quoting *Guidry v. U.S. Tobacco Co., Inc.*,

3

188 F.3d 619, 628 (5th Cir. 1999)).

Based on the facts presented, Legacy has minimum contacts with Louisiana, and Milwaukee's cause of action arises from those Louisiana contacts. *McFadin* makes clear that wholly out of state conduct that causes a tortious injury in Louisiana subjects the out of state actor to personal jurisdiction in Louisiana. While Legacy may have performed all the functions of designing the sprinkler system in Texas, the damage allegedly caused by any negligent design in the system occurred in Louisiana. Under *McFadin*, this Court can exercise personal jurisdiction over Legacy as a tortfeasor causing injury in Louisiana.

Moreover, Legacy knew its design would be installed in Louisiana. Legacy's affidavit in support of its position makes this point clear: "That in 2006, Fire Pro, Inc. solicited a bid from Legacy Fire Systems, Inc. for a set of designs for *the* sprinkler systems at a Sleep Inn and Suites Hotel that was under consideration *for construction in Ruston, Louisiana*." [Doc. #45-2, ¶6] (emphasis added). This was not a random, generic design for any sprinkler system. Rather, it was the design for the Sleep Hotel in Ruston—a "purposeful contact". *Nuovo Pignone*, 310 F.3d at 379. Legacy should have known that any deficiencies in the design would cause damage in Louisiana, thus it could be reasonably foreseen that Legacy could be haled into court in Louisiana for liability on those damages.[1] Milwaukee's cause of action is based on liability for that foreseeable connection to Louisiana, i.e., damages from a defect in the sprinkler design. "In other words, haling [Legacy] into court in Louisiana would not be the result of some random, fortuitous, or attenuated contact, but

---

[1] Had Legacy entered a contract with Fire Pro to design a generic sprinkler system that could be installed in any hotel in any location then Legacy would have a viable argument that being haled into court in Louisiana could not have been reasonably foreseen. *See Nuovo Pignone*, 310 F.3d at 379 n. 2.

would in fact be directly related to its activity in Louisiana." *Pashby v. Letum Care, Inc.*, 2006 WL 2700697 at *4 (W.D. La. September 15, 2006). Accordingly, the first two prongs of the *Burger King* test are met here. Legacy has minimum contacts with Louisiana, and Milwaukee's cause of action arises from that contact.

"Once it is established that a defendant has sufficient contacts with the forum state and that the cause of action arises out of or relates to those contacts, the burden of proof shifts to the defendant to show that exercising personal jurisdiction would be unfair or unreasonable." *Id.* (citing *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). This heavy burden requires the defendant to make a "compelling case." *Burger King*, 471 U.S. at 477. A court considers five factors in determining whether the exercise of personal jurisdiction over a defendant is fair and reasonable: "(1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies." *Nuovo Pignone*, 310 F.3d at 382.

Legacy has not met its burden of showing that the exercise of personal jurisdiction by this Court would be unfair or unreasonable. Legacy's supporting memorandum and the affidavit of its Vice-President Michael A. Higgins are devoid of assertions or contentions necessary to establish a case that personal jurisdiction would be unfair. Legacy focuses solely on its lack of contacts with Louisiana, pointing out that all work was done in Texas and no one with Legacy ever visited Louisiana for the project. As stated above, this Court finds that Legacy had minimum contacts with Louisiana sufficient to support the exercise of personal jurisdiction. Since Legacy has not met its burden of showing that personal jurisdiction would be unfair or unreasonable, personal jurisdiction

in this case is appropriate.

## CONCLUSION

For the foregoing reasons, Legacy's Motion to Dismiss for Lack of Jurisdiction over the Person [Doc. # 45] is **DENIED**.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE